# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES ELKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0638** (BOR Appeal No. 2047921)
(Claim No. 2011026767)

**HOBET MINING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Elkins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hobet Mining, by Henry C. Bowen, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 20, 2013, in which the Board affirmed a November 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 24, 2012, decision denying the request to add bilateral cubital tunnel syndrome as a compensable component of the claim. The Office of Judges also affirmed the claims administrator's February 24, 2012, decision denying authorization for a bilateral cubital tunnel release. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Elkins started working for Hobet Mining in October of 1981 as an equipment operator. Mr. Elkins worked until May of 2011, when he left Hobet Mining. During his tenure and after his departure, Mr. Elkins had pain in his hands. As a result, Mr. Elkins reported to Scott Smith, D.O., who diagnosed him with bilateral carpal tunnel syndrome. Thereafter, Mr. Elkins reported to Darshan Dave, M.D., who performed a nerve conduction study. According to Dr.

1

Dave, Mr. Elkins suffered from bilateral carpal tunnel syndrome, at a mild level. Dr. Dave did not make any findings concerning cubital tunnel syndrome. However, he did test the ulnar nerve at the wrist area. Based upon Dr. Dave's report, the claims administrator found bilateral carpal tunnel syndrome to be a compensable condition. Thereafter, Mr. Elkins reported to his treating physician, Luis Bolano, M.D., who noted a positive Tinel's and Phalen's response and compression of the cubital tunnel with flexion and extension movements. Based upon his findings, Dr. Bolano requested that bilateral cubital tunnel syndrome be added to the list of compensable conditions related to Mr. Elkins's employment. Mr. Elkins was then referred to Prasadarao Mukkamala, M.D., who conducted an independent medical evaluation. Dr. Mukkamala conducted a physical examination of Mr. Elkins which revealed a normal range of motion of the upper extremities with normal motor and sensory sensation. Dr. Mukkmala noted that there was no evidence of thenar muscle atrophy or loss of strength. He also noted that there were no trophic changes in the hands and that Mr. Elkins demonstrated fine motor dexterity in both hands. Dr. Mukkamala's opinion was that Mr. Elkins suffered from bilateral carpal tunnel syndrome. The claims administrator denied the addition of cubital tunnel syndrome as a compensable condition and denied authorization for cubital tunnel release surgery.

The Office of Judges determined that cubital tunnel syndrome should not be added as a compensable condition of the claim. The Office of Judges examined the conflicting reports of Dr. Mukkamala and Dr. Bolano and compared them to the other evidence of record. The nerve conduction study, which tested the ulnar nerve in at least one location, did not indicate that Mr. Elkins suffered from cubital tunnel syndrome. As a result, the Office of Judges determined that Dr. Mukkamala's report and findings were more consistent with the objective medical evidence in the record. Accordingly, the Office of Judges affirmed the claims administrator's decision not to add bilateral cubital tunnel syndrome as a compensable condition. The Office of Judges also denied cubital tunnel release surgery because it was not related to a compensable condition under the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Board of Review and the Office of Judges. Mr. Elkins has not shown that he suffers from cubital tunnel syndrome. The only report that concludes Mr. Elkins has cubital tunnel syndrome is the report of Dr. Bolano. Dr. Bolano's report is not as consistent as Dr. Mukkamala's with the objective medical evidence of record. In regard to the authorization for medical treatment, since bilateral cubital tunnel syndrome is not a compensable condition the related medical treatment was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II


**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum